Good morning, your honors. I'm Randall Ricardo, representing the appellant Andrew Mackey. And I'd like to reserve five minutes at the conclusion of my argument for any rebuttal comments. You get a total of ten, and I'll remind you when you're down to five. Okay, thank you. And hopefully I won't even take five. The district court decision in this case, and I, Mr. Mackey, an opportunity to appeal the order which denied this habeas petition, needs to be reversed on legal and equitable grounds. Mr. Mackey was abandoned by his prior counsel, Mr. Grimm, committing a fraud upon Mr. Mackey and a fraud upon the court. Mr. Grimm purposely misled Mr. Mackey when he wrote to him on June 8, 2008, quote, We are awaiting a trial date. There was never any such trial date docketed. Mr. Grimm also failed to file a traverse, failed to inform Mr. Mackey the court had denied his habeas petition, and failed to tell Mr. Mackey that he was abandoning him as a client. What can we do about it? Judge Ilston accepted all of that as true and says her hands are tied because of In re Stein. Well, In re Stein, I submit, is not a case that guides us in this resolution of this decision. Primarily because In re Stein represents a simple garden variety case of excusable neglect. While the appellant in In re Stein did, in fact, seek relief under Rule 60B-6, he never reached the threshold level of extraordinary circumstances. The court in In re Stein, and I can find a quote here, essentially found that the failure to meet the appellate deadline in that case was due to the attorney's own neglect. They just had failed to check the docket. Furthermore, In re Stein is distinguishable because it's a civil case involving money, and the appellants were two attorneys. And in this case, this is an incarcerated inmate, no access to the internet, and should the ability of him to appeal the district court's order will essentially foreclose all further hearing of his claim. The district court was aware also that it could have granted Mr. Mackey relief under equitable principles. It could have construed Mr. Mackey's request for relief as an independent action in equity based on the fraud perpetrated by Mr. Mackey's prior counsel, Mr. Grimm, and on this court. Such an action in equity is clearly contemplated by the savings clause in Rule 60, allowing a court to set aside a judgment for a fraud upon the court. And that's actually a quote from Rule 60. The advisory committee notes that Subdivision B of Rule 60 also contemplates, quote, independent actions if, quote, the right to make a motion is lost by the expiration of time limits. Additionally, several cases have recognized these independent actions, and the notes of Rule 60B does not limit the power of the court to entertain such action. And I cited a number of cases in my brief, most notably Banker's Mortgage and FDIZ v. Aeroleon. In Callan v. U.S., the Seventh Circuit explicitly recognized that an abandonment of a client by attorney can be considered a fraud upon the court. Camp v. U.S. also filed this rule, noting that an attorney's breach of duty can be so egregious as to amount to fraud. The court has also recognized such a right in United States v. Avendano Camacho. And that was the Ninth Circuit favorably citing a case, Attalus v. U.S., and in Attalus, the factual posture is very similar to this case, in which a defendant was abandoned by his retained counsel and missed the deadline to appeals conviction. On both legal and equitable grounds, the decision of the district court should be reversed, which aligns with their stated intentions, and this court should vacate the order denying Mr. Mackey's petition for habeas corpus. One thing, counsel, I certainly understand the inequity in a global sense of what happened here. We're faced with this 180-day rigid rule, and you're suggesting that there are ways for a district court to get around it, but as a principled matter, where do we tell the district judge to stop? How far do the facts have to go in terms of these equitable considerations to allow the district court to ignore the regretfully clear language of the rule, of the statute? The rule, rather. Well, it's our position that there really is no conflict between Rule 4a.6 and Rule 60b.6. There's some unfortunate, or one unfortunate sentence in Ray Stein, which suggests that Rule 60b.6 no longer exists, but there are numerous cases, many of which cited in my brief, the Taney case, the Lal case, several other cases, which show relief is available under 60b.6 as long as you present an instance of extraordinary circumstances, which was found by the district court in this case. Thank you, Mr. Ricardo. You've got about four minutes left on rebuttal. Thank you. Thank you, Your Honor. May it please the Court. Appellant sought to — Could we get your name for the record, please? We're making a recording of this. Christopher Way, Deputy Attorney General. Thank you, Mr. Way. Appellant sought to appeal from the district court's analysis habeas petition     The district court's analysis of the Habeas Petition was not sufficient. And despite Appellant's assertions to the contrary, the issue here is governed quite simply by Rule 4 of the Rules of Appellate Procedure, not Rule 60 of the Rules of Civil Procedure. And the district court's order confirms that it's based on Rule 4. It cites to in Ray Stein and says, Rule 4A.6 of the Federal Rules of Appellate Procedure provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating a judgment and reentering the same judgment in order to create a new appeal period. And Rule 4 provides very distinct, strict rules, the 30-day rule, plus an exception where the person didn't receive notice, but it's only within the 180-day outside limit. And the requirements of Rule 4 are unequivocal, they're mandatory, and they're jurisdictional. There is nothing in that rule which provides that there are going to be equitable principles that apply to it. And, in fact, the United States Supreme Court in Bowles v. Russell expressly held that there is no equitable exception to the rule. And in that case, you know, if equitable principles should apply, it would apply in that case where the court issued its order giving the appellant 17 days to reopen the case and file. Where the rule itself, however, says it's 14 days, and so the defendant missed it. But the U.S. Supreme Court says that there are no other exceptions to the rule that would give him that opportunity to do that, and he was out of luck. And this court's opinion in In re Stein is controlling in this case. It held that relief under Rule 60B of the federal rules is not available because the exclusive remedy for failure to file a timely notice of appeal are contained in Rule 4A. And Rule 60B cannot be used to circumvent Rule 4. I mean, it's a very specific, explicit rule. And it said, Rule 4A and Rule 77D now form a tessellated scheme. They leave no gaps for Rule 60B to fill. And appellant failed to comply with Rule 4. District Court correctly interpreted the rules, and there's no abuse of discretion on the part of the district court when it made that ruling. Petitioner's counsel has relied on the extraordinary circumstances theory. Is it your position that no extraordinary circumstances were presented to the district court, or that is not relief that can be used? It's our position that extraordinary circumstances cannot be used under Rule 4. You concede that there were extraordinary circumstances. No, not necessarily. I don't think necessarily that extraordinary circumstances apply, because if you, as I said, if you look at that Bowles case, if that — that's pretty extraordinary. Well, didn't the lawyer tell his client that an evidentiary hearing was pending? Yes. But there's also — he also said — That wasn't true. Yes, that's right. He requested one. There was no evidentiary hearing presented. So isn't that an extraordinary circumstances to misrepresent the posture of the case to your client? Well, if you look at the totality of the circumstances, if you look at all the communications that Mr. Grimm gave to not only the Petitioner, but also to his family, he repeated over and over again that he wasn't their attorney, that he should retain an attorney, that, you know, there's nothing more he could do. At that point, he should have been — he had given notice to the Petitioner as well as his family, I mean, numerous, numerous occasions, that they should retain their own lawyer and proceed on their own, and Mr. Grimm was not their lawyer. So it seems to me that he has a duty on his part, that the Petitioner, to determine what's going on and find out, and he didn't do that in this case. Well, if you put an extraordinary case of a 17- and 14-day notice, which is, of course, extraordinary circumstances, and this case may not come up to that, but if we could say that there are extraordinary circumstances to a degree that would warrant giving the Petitioner what he seeks, then I think you — it would be possible that this case could provide those. I don't know that we want — but I think your principled position is you choose — you don't have to debate that, and you — no matter how extraordinary it is, even up to the court making its own mistake, it's too bad. That's right. I mean, it's a very unequivocal rule, and it's — as the U.S. Supreme Court said, it's jurisdictional. And so I don't think there are any exceptions to it, certainly exceptions that would give equitable principles to apply to it. Unless the Court has any further questions, I'm prepared to submit. Okay. Thank you, Mr. Wade. Thank you. Mr. Riccardo, you've got about four minutes left. Just a few quick points, Your Honors. First of all, Bowles v. Russell was not decided under Federal Rule of Civil Procedure 60b-6. It is purely a Federal Rule of Appellate Procedure for a case. And I cited in the brief a number of cases in which a court found it would not necessarily have jurisdiction under Rule 4 of the Federal Rules of Appellate Procedure, but it still retains jurisdiction under Federal Rule of Civil Procedure 60b, whether it's 1 or 1 through 6. So the jurisdictional argument, I don't think, is a posit in this instance. Every case cited by the prosecution in this case did not implicate Rule 60. So whether Federal Rule 4 has jurisdictional aspects to it is not the seminal point in this case. Furthermore, with regard to the facts of Mr. Mackey's attorneys, we don't accept these facts as true. They're not entitled to deference. The district court never accepted them as accurate, and I think it would be unfair to accept the one-sided testimony of the perpetrator of the fraud and to ignore all the countervailing facts. Are you suggesting that the appropriate thing we could do is to say there could be extraordinary circumstances and remand the case to the district court to make findings? We could do that, Your Honor. It's your contention that Mr. Grimm perpetrated a fraud, is it? Yes. Has he been reported to the State Bar? I have not done that. Why is that? He, for a number of tactical reasons, is still one of the counsel of record in this case. So? According to you, he screwed up the case. Correct. And not only that, but perpetrated a fraud. Correct. So why wouldn't you report him to the State Bar? I definitely will take that up with my co-counsel. Why hasn't that crossed your mind before, I guess, is what I'm seeing? I guess because he was still a counsel of record and being, as the district court initially seemed inclined to want to grant us the relief that we sought. That was back how long ago? Probably over a year ago at this point. I guess you have no good reason. Is that what I think I'm hearing you say? At this point, no, I don't have a good reason for doing it, other than he was counsel of record. Okay. Anything else? No. Thank you, gentlemen. The case just argued is submitted. Thank you. Good morning.
judges: Garbis, Alarcon, Silverman